## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| DASHANTE SCOTT JONES, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-997 (VAB) |
| | : | |
| v. | : | |
| | : | |
| SHAWN HOWARD, et al., | : | |
| Defendants. | : | AUGUST 11, 2015 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff, Dashante Scott Jones, currently incarcerated at the Cheshire Correctional

Institution in Cheshire, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983.  The

Complaint was received by the Court on June 29, 2015.  Mr. Jones' Motion to Proceed *In Forma

Pauperis* was granted on July 28, 2015, Order, ECF No. 10.  The Defendants are Shawn Howard,

Mike Waters, Captain Johnson, Warden Scott Erfe, A.R.C. Faraci, Mailroom John and Jane Doe,

Lieutenant John Doe and Counselor Shepp.  In this action, Mr. Jones asserts several separate

claims: (1) retaliation, (2) interference with mail and the grievance process, (3) violation of the

right to privacy and (4) use of excessive force or failure to maintain safe living conditions.

Under section 1915A of title 28 of the United States Code, the Court must review

prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief.  In reviewing a *pro se* complaint, the Court must

assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[].” *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.      <u>**Allegations**</u>

Defendant Erfe was the warden at Corrigan Correctional Institution when Mr. Jones allegedly was allegedly sexually assaulted at that facility, around May 22, 2014. He is now the warden at Cheshire Correctional Institution where Mr. Jones currently is confined.

Mr. Jones alleges that, on an unspecified date, Defendant Johnson refused to leave the medical examination room to allow Dr. Ruiz to examine Mr. Jones' testicles in private.

He also claims that on May 15, 2015, Defendants Howard and Waters assaulted him. Defendant Lieutenant Doe was allegedly present but did not intervene. Defendant Waters pushed Mr. Jones. Mr. Jones alleges that Defendant Howard followed Mr. Jones' to his cell while harassing and threatening him, and then entered the cell and spit in Mr. Jones' face. According to the Complaint, Defendant Lieutenant Doe threatened to spray Mr. Jones with a chemical agent if he fought back.

Defendant Erfe allegedly denied Mr. Jones' request that video footage be preserved for the assault and the time of the incident where Defendant Johnson's refusal to leave the medical exam room.  Mr. Jones also claims that Defendant Howard ordered another officer to discard Mr. Jones' property in retaliation for Mr. Jones filing a grievance against Defendant Howard.

The Complaint indicates that Defendant Erfe has ignored Mr. Jones' requests regarding Defendants Howard and Jones and permits them to remain on duty in Mr. Jones' housing unit where they continue to search his cell and destroy his property.  Defendant Faraci has also allegedly improperly handled Mr. Jones' grievances.

Mr. Jones claims that on June 16, 2015, Defendant Howard searched his cell and removed some of his legal work and a date book with a list of incident dates and dates for which Mr. Jones requested that video footage be preserved.

He alleges that, on another, unspecified date, Defendants Howard and Johnson destroyed Mr. Jones' religious items and poured chemicals, which smelled like urine, on his prayer rug. Mr. Jones characterizes these actions as a hate crime.

Defendant Johnson also allegedly conspired with Defendant Shepp and Dr. Ruiz to delay mail delivery to the federal court so Mr. Jones would miss a deadline and, presumably, another of Mr. Jones' federal cases would be dismissed.  Mr. Jones claims that as a result of his "spy reflexes" he contacted the court and discovered that his legal mail had not reached the court ten days after he had given the envelopes to Defendant Shepp for mailing.  Defendants Mailroom John and Jane Doe have delayed Mr. Jones' incoming legal mail.

## II.   <u>Analysis</u>

In the jurisdiction section of the Complaint, Mr. Jones states that he is asserting claims

3

for violation of his rights under the Eighth and Fourth Amendments and the Universal Declaration of Human Rights "Supreme Law" Articles 1, 2, 3, 5, 6, 7, 8, 12, 28 and 30. Under the section captioned Causes of Action, Mr. Jones states that he also is asserting violations of "the 504 RICO Law New Construction Act," HIPPA laws and the First Amendment. He characterizes his claims as "cruel and unusual punishment, harassment, assault, grievance frauds, accessories to criminal acts, illegal cover ups, suppression of federal evidence of the courts, illegal prison operations of a prison without working cameras failing to protect the safety and security of its prisoners and officials, religious hate crimes." Compl. at 7, ECF No. 1.

Mr. Jones alleges that his claims against Defendant Johnson are for assault, medical privacy rights violations, legal mail delays both incoming and outgoing, vandalism, and religious hate crimes. Mr. Jones asserts a claim against Defendants Howard, Waters and Lieutenant Doe for assault on May 15, 2015. Mr. Jones alleges that Defendant Faraci interfered with his grievances and contends that she is an accessory to the crimes committed by all other defendants. Defendant Erfe allegedly is retaliating against Mr. Jones for a human rights complaint he filed against Defendant Erfe from conduct arising at a different correctional facility. Mr. Jones also claims that Defendants Mailroom John and Jane Doe have delayed processing Mr. Jones' incoming legal mail and Defendant Johnson will not correct the problem. He also asserts claims that Defendant Howard repeatedly searched Mr. Jones' cell and removed a date book and destroyed legal mail.

In his prayer for relief, Mr. Jones seeks damages, injunctive relief, and the criminal prosecution and imposition of prison time for the defendants on various crimes. Mr. Jones also asks that the defendants be ordered to pay fines to the federal court on charges of treason and that

any funds paid be used to address the problems of ISIS and ebola.  Mr. Jones states that he will use any damages he is awarded in this action to establish a spy agency to help provide valuable information to federal agencies to combat fraud, tax evasion, treason, smuggling, terrorism, and identity theft.

### A.      Criminal Prosecution of Defendants

Mr. Jones seeks the criminal prosecution of the Defendants on various charges.  An alleged victim of a crime, however, does not have a right to have the alleged perpetrator investigated or criminally prosecuted.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of the public at large nor victim of a crime has a constitutional right to have defendant prosecuted).  As Mr. Jones has no constitutional right to initiate a criminal prosecution, the requests to have all Defendants prosecuted are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B.      HIPAA Violations

Mr. Jones alleges that Defendant Johnson violated his right to medical privacy under HIPAA, the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996).  That statute, however, does not create a private right of action and cannot support a claim under section 1983.  *See Rodgers v. Rensselaer County Sheriff's Dep't*, No. 1:14-CV-01162(MAD/TWD), 2015 WL 4404788, at *7 (N.D.N.Y. July 17, 2015) ("It is well established that, because there is no private right to action under HIPAA, a violation of the Act cannot serve as the basis of a § 1983 claim.") (collecting cases).  The allegations may, however, be construed as a Fourteenth Amendment claim for violation of the right to privacy.  *Id.*  Any

HIPAA claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**C.** **Universal Declaration of Human Rights**

Mr. Jones alleges that the Defendants violated multiple provisions of the Universal Declaration of Human Rights.  While that document possesses "'moral authority' . . . it does not 'impose obligations as a matter of international law' nor does it provide a basis for Plaintiff's § 1983 claim."  *Chinloy v. Seabrook*, No. 14-CV-350 (MKB), 2014 WL 1343023, at *4 (E.D.N.Y. Apr. 3, 2014) (citations omitted); *see also United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action.") (citation omitted).   All claims for violation of the Universal Declaration of Human Rights are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**D.** **RICO Statute**

Mr. Jones seeks recovery for violation of "the 504 RICO Law New Construction Act." Research reveals no federal statute by that name.  Absent clear identification of the statute and an indication that the law permits a private right of action or that its violation may support a section 1983 claim, all claims for violation of this statute are dismissed without prejudice.

**E.** **Remaining Claims**

The remaining claims concern violations of the First, Fourth, Eighth and Fourteenth Amendments, namely the claims for (1) retaliation, (2) interference with mail and the grievance process, (3) violation of the right to privacy and (4) use of excessive force or failure to maintain safe living conditions.

The Complaint does not comply with Rule 20's requirements governing party joinder. Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met:

6

first, the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and second, "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis."  *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted).  As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The Plaintiff's Complaint contains claims that arise out of entirely distinct factual scenarios .  In other words, the violation of privacy, the alleged use of excessive force, and the interference with legal mail are unrelated.  The primary actors in each claim are different and there are no common questions of fact.  The claims do not appear to "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences."  Fed. R. Civ. P. 20(a)(2).  Thus, the Complaint fails to comply with Rule 20 and cannot proceed as single lawsuit.[2]  *See*

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1653 (3d ed. 2015).

[2] The Court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner's complaints pursuant to 28 U.S.C. § 1915A.  As one treatise has noted:

> In the past, courts did not always pay much attention to this rule.  However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes"

*Kalie v. Bank of Am. Corp.,* 297 F.R.D. 552, 559 (S.D.N.Y. 2013) (finding that where there was "no common transaction or occurrence, severance and dismissal of the misjoined claims is mandatory"); *see also* Fed. R. Civ. P. 21 (authorizing the Court "[o]n motion or on its own" to drop a party [or]… sever any claim against a party.").

Because the Second Circuit has expressed a preference for adjudicating cases on their merits, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement or comply with rules governing joinder.  *See, e.g., Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

Accordingly, the Plaintiff is hereby directed to file an amended complaint that complies with Rule 20 of the Federal Rules of Civil Procedure.  The amended complaint should include the claims relating to only one of the incidents in the current Complaint, because it should only contain claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2).  The Plaintiff shall file his amended complaint within

---

provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, *Prisoners' Self-Help Litigation Manual* 348 (4th ed. 2010) (collecting cases).  The so-called "three strikes" rule provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [in other words, *in forma pauperis,*] if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. §1915(g).  Indeed, this Complaint itself contains at least three claims arising out of entirely unrelated facts.  Thus, if the Court found any of the claims stated in this Complaint to be frivolous, the Plaintiff would circumvent the PLRA's "three strikes" rule and filing fee requirements.

**thirty (30) days** from the date of this Order.  If the Plaintiff wishes to pursue the claims arising from the other incidents, he may do so in separate actions by filing separate complaints.

      F.    **Request for Court Investigation**

      Mr. Jones states that he sent copies of relevant information to Ms. Rushford at the U.S. Department J.F.K. Building in Massachusetts and instructs the Court to retrieve this information. He also requests that the Court contact a correctional official who is not a party to this case and demand video footage of searches of Mr. Jones's cell.  Mr. Jones states that this footage will enable "Judge Garfinkel [to] smack the hamer of Federal Justice on" two of Mr. Jones' other cases.  Compl. at 8, ECF No. 1.  The Court is not an advocate on behalf of litigants appearing before it and cannot conduct investigations on their behalf.  The Court's role is to decide matters based on evidence presented to it.  *See United States v. Christy*, 883 F. Supp. 2d 1040, 1055 (D.N.M. 2012) ("American federal courts are not independent, free-standing investigative entities.  Rather, they decide cases and disputes that the parties bring to them.") (citation omitted).  If Mr. Jones wishes the Court to review any additional information, he must submit that information to the Court at the proper time.  In addition, it is inappropriate to request in this case that the Court take action to advance another case.

### ORDERS

      In accordance with the foregoing analysis, the Court enters the following orders:

      (1)    All claims for violation of the Universal Declaration of Human Rights, HIPAA, and "the 504 RICO Law New Construction Act" as well as the request to have the Defendants criminally prosecuted are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)      Mr. Jones is directed to file an amended complaint that complies with Rule 20 of the Federal Rules of Civil Procedure.  The amended complaint should include the claims relating to only one of the unrelated incidents.  Mr. Jones shall file his amended complaint within **thirty (30) days** from the date of this order

(3)      **The Clerk** will send Mr. Jones an amended complaint form with this order.  Mr. Jones is cautioned that his amended complaint must comply with the instructions on the form, specifically the instructions concerning the requirements for a valid complaint.  If the amended complaint fails to comply with those instructions, the action will be subject to dismissal with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of August 2015.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

10